**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 25 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

DONALD JON HOGOBOOM,

  Petitioner-Appellant,

v.

UNITED STATES OF AMERICA,

  Respondent-Appellee.

No. 96-1262
(D.C. No. 96-N-494)
(D. Colo.)

---

ORDER AND JUDGMENT*

---

Before PORFILIO, ANDERSON, and BRISCOE, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Donald Jon Hogoboom appeals from the district court's denial of his petition for a writ of error coram nobis, through which he seeks vacation of two

---

&ast; This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

convictions for improper banking practices. Hogoboom contends this court's reversal of the convictions of two other individuals involved in his fraudulent schemes mandates the vacation of his convictions as well. Reviewing the district court's denial of the writ de novo, see Estate of McKinney ex rel. McKinney v. United States, 71 F.3d 779, 781 (9th Cir. 1995), we agree with the district court that Hogoboom's argument for relief is a non sequitur and affirm.

Hogoboom was a director of two Colorado banks. In 1991, he pleaded guilty to one count of violating 18 U.S.C. § 1005 and one count of violating 18 U.S.C. § 656. The essence of his § 1005 violation was that he issued a $500,000 letter of credit that was not properly authorized by the bank and was not recorded in the bank's records. His § 656 violation was based on his causing a $110,000 loan to be issued to a straw borrower--the nominal borrower who applies for a loan, but neither receives nor intends to repay the proceeds, which go to a third party--and then directing $66,500 of this loan to his personal account. He has served his sentence, which included two years' imprisonment followed by three years' probation.

Hogoboom's filing of this petition was prompted by our reversal of the convictions of two straw borrowers who were involved in another of Hogoboom's improper letter-of-credit schemes. See United States v. Rothhammer, 64 F.3d 554 (10th Cir. 1995). The Rothhammer defendants had been convicted under

18 U.S.C. § 1014, which requires proof that "the defendant knowingly made a false statement to a bank, which was false as to a material fact, for the purpose of influencing the bank's action." 64 F.3d at 557. We held that the defendants did not make false statements by signing promissory notes to obtain loans and falsely promising to repay the loans, because the promise to repay merely created a legal liability that "did not amount to a factual assertion and thus cannot be construed as a false statement." Id. at 557-58.

Hogoboom contends our interpretation of § 1014 in Rothhammer requires vacation of his convictions because both cases "involved the same overall scheme or transaction: the use of straw borrowers." Appellant's Br. at 10. He analogizes his situation to cases in which courts have granted collateral relief vacating convictions because of subsequent Supreme Court decisions changing the elements of the crimes underlying the convictions. See, e.g., United States v. Shelton, 848 F.2d 1485 (10th Cir. 1988) (en banc). However, even though both his case and Rothhammer may have involved straw borrowers--and that may be stretching the facts of this case[1]--that has no bearing on whether Hogoboom's convictions remain valid because Rothhammer did not redefine the elements of his crimes. A conviction under § 656 requires the government to prove the

---

[1] In the letter-of-credit scheme for which he was convicted under § 1005, Hogoboom would have tried to cover his tracks through use of straw borrowers "[i]f necessary," but apparently it was not necessary. Appellant's Br. at 4.

defendant is an officer, director or employee of a federally connected bank and that he or she willfully misapplied bank funds with intent to defraud the bank. See § 656; United States v. Evans, 42 F.3d 586, 589 (10th Cir. 1994). A § 1005 conviction requires proof that the defendant made a false entry in the bank's records with intent to defraud the bank or public officers or, if the defendant is a bank officer, director or employee, issued a credit of the bank without authorization. See § 1005; Evans, 42 F.3d at 592; United States v. Chaney, 964 F.2d 437, 448-49 (5th Cir. 1992). Thus, neither of Hogoboom's convictions hinged on his making a false statement in general, or more importantly for Rothhammer to be relevant, a false promise to pay in a promissory note. Because we conclude that Rothhammer did not affect the elements of the crimes of which he was convicted, we also reject his contention that his guilty pleas were not knowing and voluntary.

This court has previously granted Hogoboom's motion for an extension of time to file a reply brief; his alternative motion to strike the government's answer brief and appendix is therefore DENIED as moot. The judgment of the district court is AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

-4-